'

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS


**WILLIAM VEAL**
_____

*Plaintiff*

Civil Action No:

**1:21-CV-10265-MBB**

*v.*

**COMMISIONER OF BOSTON CENTERS FOR**

**YOUTH & FAMILES, ET AL**_____
*Defendant*


## ANSWER TO COMPLAINT

1.      Defendant, Thomas F. Bowe (hereinafter "Bowe" and "Bowe, CPA") neither

admits nor denies Paragraph 1 of the Complaint and calls upon the Complainant to

prove same at trial.

2.      Bowe and Bowe, CPA admits the City of Boston (hereinafter "City"), is a

Massachusetts government entity located in Boston, Suffolk County, Massachusetts

that operates under the jurisdiction of the Commonwealth of Massachusetts and

denies the remainder of the allegation.

3.      Bowe and Bowe, CPA admits Defendant Martin Joseph Walsh ("Mayor") is the

Mayor of the City of Boston and neither admits nor denies the remainder of Paragraph 3,

of the Complaint and calls upon the Complainant to prove same at trial.

4.      Bowe and Bowe CPA, does not have sufficient information as to the identity

of Defendant William Morales ("Morales") and neither admits nor denies Paragraph

4 of the Complaint and calls upon the Complainant to prove same at trial.

5.      Bowe and Bowe CPA, does not have sufficient information as to the identity

of Michael Sulprizio and neither admits nor denies Paragraph 5 of the Complaint and

calls upon the Complainant to prove the same at trial.

6.      Bowe and Bowe CPA admits Defendant Lorna Bognanno ("Lorna") is a

female and neither admits nor denies the remainder of Paragraph 6 and calls upon the

Complainant to prove same at trial. .

7.      Bowe and Bowe CPA Defendant Thomas Bowe C.P.A PC ("Thomas Bowe

CPA") is an accounting firm owned by Thomas Bowe that conducts business in the

state of Massachusetts 1372 Hancock St., Suite 202, but denies the remainder of

Paragraph 7 and calls upon the Complainant to prove same at trial.

8.      Bowe and Bowe CPA Defendant admits Thomas Bowe ("Thomas") is a male

and is a citizen of the United States a resident of Massachusetts, and owner of

Thomas Bowe C.P.A PC.

9.      Bowe and Bowe, CPA admits Defendant Bonnie Wallace ("Bonnie") was a

former bookkeeper of Mattapan Community Center Inc.

10.     Bowe and Bowe, CPA has insufficient knowledge to either affirm or deny the

allegations in Paragraph 10 and calls upon Complainant to prove same at trial.

11.     Bowe and Bowe, CPA has insufficient knowledge to either affirm or deny the

allegations in Paragraph 11 and calls upon Complainant to prove same at trial.

## JURISDICTION AND VENUE

12.     Bowe and Bowe, CPA acknowledges the Jurisdiction of the Court.

13.     Bowe and Bowe, CPA denies these allegations and calls upon the

Complainant to prove same in court.

14.     Bowe and Bowe, CPA acknowledges the existence of the statute cited.

## STATEMENT OF FACTS

15.     Bowe and Bowe, CPA has insufficient knowledge to either affirm or deny the

allegations in Paragraph 15 and calls upon the Complainant to prove same at trial.

16.     Bowe and Bowe, CPA denies that the City of Boston's policies et al are

unconstitutional and calls upon Complainant to prove unconstitutionality at trial;

Bowe and Bowe, CPA deny the remainder of Paragraph 16.

17.     Bowe and Bowe, CPA has insufficient knowledge to either affirm or deny the

allegations in Paragraph 17 and calls upon the Complainant to prove same at trial.

18.     Bowe and Bowe, CPA has insufficient knowledge to either affirm or deny the

allegations in Paragraph 18 and calls upon the Complainant to prove same at trial.

19.     Bowe and Bowe, CPA can neither affirm nor deny the allegations in Paragraph 19

because of their distinct lack of both lucidity and coherence.

20.     Bowe and Bowe, CPA can neither affirm nor deny the allegations in Paragraph 19

because of their distinct lack of both lucidity and coherence.

21.     Bowe and Bowe, CPA has insufficient knowledge to either affirm or deny the

allegations in Paragraph 21 and calls upon the Complainant to prove same at trial.

22.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial.

23.     Bowe and Bowe,CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon the Complainant to prove its existence at trial.

24.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

25.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

26.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

27.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial.

28.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

29.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

30.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument and calls upon Complainant to establish its existence at trial.

31.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial.

32.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial.

33.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

34.     Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

NEW  MAYOR 2014

35.     Bowe and Bowe, CPA admits  that in January of 2014 defendant Marty Walsh was elected as City of Boston's  Mayor.

36. Bowe and Bowe, CPA has no knowledge of the "oral contract" adduced throughout this instrument, and calls upon Complainant to establish its existence at trial

37.     See Answer #21.

38.     See Answer #36.".

39.     See Answer #21.

40.     See Answer #20.

41.     See Answers, #20, 21, & 36; allegation also calls for a conclusion of law..

42.     See Answer #21.

43.     See Answer #21; allegation also calls for a conclusion of law.

44.     Bowe and Bowe, CPA denies these allegations; further stating said allegations call for a conclusion of law.

45.     Bowe and Bowe, CPA deny these allegations and call for Complainant to prove same at trial

46.     Bowe and Bowe, CPA have no knowledge of any contract and insufficient knowledge to either affirm or deny these allegations (See Answers 21 & 36).

47.     See Answer #36..

48.     Insufficient knowledge--See Answer #21

49.     Bowe and Bowe, CPA find this allegation unintelligible and in any case lack sufficient knowledge to respond (See Answers 20 & 21)

50.     See Answer #21.

51.     See Answers 21 & 36..

52.     Bowe and Bowe CPA deny allegation of unjust enrichment and call upon

Complainant to prove same at trial.  No knowledge of "oral contract" (see Answer

#36.

53.     See Answer #21

## DEFENDANTS MORALES & LORNA NEW CONTRACT REMEDIES GOING FORWARD, STATEMENTS

54.     See Answer #21.

55.     Bowe and Bowe CPA has no knowledge of any audits ever performed,

and can neither affirm nor deny these allegations.

56.     See Answer #21

57.     See Answer #21.

58.     See Answers #20 & 21.

59.     See Answer #21.

60.     See Answer #21.

61.     See Answer #21 and Answer #36.

62.     See Answers #21 & 36.

63.     See Answer #21.

64.     See Answers #21 & 36.

65.     See Answer #21.

66.     Bowe and Bowe, CPA denies these allegations and calls upon Complainant to

prove same at trial..

67.     Thomas "Bowe" was the CPA for MCC.

68.     Bowe and Bowe, CPA admits that in 2015 Boston had received 98.7 inches of

snow making that winter the snowiest on record behind 1995-1996, when 107.6

inches fell.

69.     See Answer #21.

70.     Bowe and Bowe, CPA admits that Leah Veal had a piece of commercial

property.

71.     Bowe and Bowe, CPA denies there was a mortgage taken, and avers that

MCC had taken an unsecured loan prior to June 2015.  He determined this when he

prepared their taxes in October, 2015

72.     Bowe and Bowe, CPA denies these allegations and calls upon Complainant to

prove same at trial.

73.     See Answer #72; non-profits cannot grant mortgages to individuals.

74.     Bowe and Bowe, CPA admits these allegations, and reaffirms that the

"mortgage" was in fact an unsecured loan, further answering that non-profits are only

permitted to donate monies to other non-profits.

75.     See Answer #72.

76.     Bowe and Bowe, CPA is unclear what the phrase"all proposed transaction"

denotes; Bowe and Bowe CPA had no knowledge of any "oral contract". (See

Answer #36 and also Answer #20).

77.     Bowe and Bowe, CPA acknowledges contemplating retirement, but denies

bargaining with City of Boston to be retained by other Centers, and calls upon

Complainant to prove same at trial.

78.     Bowe and Bowe, CPA denies all allegations, and calls upon Complainant to

prove same at trial; Bowe and Bowe, CPA furthermore avers that each Community

Center hires own personnel independent of the City of Boston.

79.     See Answer #45.

80.     See Answer #45.

81.     Bowe and Bowe, CPA admits these allegations.

82.     Bowe and Bowe, CPA admits to the excerpt from his February 20, **2017** letter,

further answering that his resignation was occasioned by the realization that MCC had

not filed taxes he had prepared for the organization for three (3) consecutive yearsthereby

forfeiting its 501 ©3 status.

83.     See Answer #45.

84.     Bowe and Bowe, CPA admits a termination letter was submitted, (only

becoming aware of this fact upon the filing of Mr. Veal's complaint),and denies the

remainder of the allegation.

85.     Bowe and Bowe, CPA admit to the date of the letter, but denies remainder of

allegations; Bowe and Bowe, CPA further aver that there was no coordinated

response with co-defendants; Bowe and Bowe, CPA operates independently.

86.     See Answer #21.

87.     See Answer #45.

88.     See Answer #45.

89.     See Answer #21.

90.     See Answer #20; please also refer to Answers 21, 36, & 45.

91.     See Answer #21.

92.     See Answer #21.

93.     See Answer #21.

94.     Bowe and Bowe, CPA asserts that, in response to the egregious and

unresolved discrepancy on the books of Mattapan Community Center, namely an

unsecured loan to Ms. Veal, The Attorney General's office did ultimately embark on

an inquiry.

95.     See Answer #21.

96.     Bowe and Bowe CPA denies these reckless allegations, as Mr. Bowe, in the

defendant's own words "sent a resignation letter February 20th, 2017 (See Exhibit

One and Allegation/Answer #1); Bowe and Bowe, CPA, further aver that he had no

subsequent contact with co-defendants.

97.     See Answers #20 & 21.

98.     See, Answers # 20, 21, & 36.

99.     See Answer #36.

100.    Bowe and Bowe CPA denies these reckless allegations and call upon the

Complainant to prove same at trial.

101.    Bowe and Bowe, CPA denies these reckless allegations, avers that there was

never a coordinated response with co-defendants and calls upon Complainant to

prove same at trial.

102.    See Answer #101.

103.    Bowe and Bowe, CPA admits this allegation..

104.    See Answer #21; this allegation calls for a conclusion of law..

105.    Bowe and Bowe, CPA construes this as a fragmentary statement and so can

neither admit or deny the content of it.

106.    See Answer #105.

107.    See Answer #45.

108.    Bowe and Bowe, CPA denies any involvement in said conspiracy.

109.    Bowe and Bowe, CPA admits that his acts were "contrary to conspiracy of

retaliation and discrimination that injured the plaintiff".

110.    Bowe and Bowe, CPA denies these allegations; Mr. Bowe had resigned prior

to this date (See Exhibit One) and had no subsequent contact with co-defendants..

111.   See Answer #45.

112.   Bowe and Bowe, CPA had no knowledge of any "oral contract" (See Answer

#36.).

113.   See Answers #21 & 36.

114.   See Answer #21.

115.   Denies—See Answer #110.

116.   Bowe and Bowe, CPA denies these reckless allegations and calls upon the

Complainant to prove same at trial.

117.   See Answer #110

118.   Bowe and Bowe, CPA denies this reckless allegation.

119.   See Answer #21 (i.e. " insufficient knowledge").

120.   Bowe and Bowe, CPA denies these allegations, and further avers that he was

never involved in the Complainant's termination..

121.   See Answer #36..

122.   Bowe and Bowe, CPA construes this paragraph as a fragmentary statement and

therefore can neither affirm nor deny its validity.

123.   Bowe and Bowe, CPA deny knowledge of any "oral contract" (See Answer

#36.).

124.   Bowe and Bowe, CPA denies this allegation; the letter Mr. Bowe received

and responded to did not comport with the requirements of a 93A demand..

125.   See Answer #45.

126.    Bowe and Bowe, CPA denies this outlandish allegation; further, the three

parties have never met collectively.

127.    Bowe and Bowe, CPA denies there were any unfair or deceptive acts and/or

practices giving rise to a 93A action.

128.    See Answer #124..

129.    See Answer #45..

130.    See Answer #21.

131.    Bowe and Bowe, CPA prepared review of MCC in 2015 according to professional

standards and state law, and denies precipitating the termination of alleged "oral

agreement".

132.    See Answers #20 & 21..

133.    See Answer #45.

134.    See Answer #45..


COUNT I

Breach of Contract BY ALL DEFENDANTS

135.    Bowe and Bowe, CPA hereby incorporates by reference his Answers to

allegations in paragraphs 1-134 as if stated fully herein..

136.    Bowe and Bowe, CPA denies this allegation..

Page I 20


137.    Bowe and Bowe, CPA denies (See Answer #36).

138.    Bowe and Bowe, CPA denies these allegations and had no knowledge of "oral

contract" (See Answer #36)

139.    Bowe and Bowe, CPA denies knowledge of any contract and finds this

allegation to be incoherent.

140.    Bowe and Bowe CPA denies these reckless allegations, and calls upon

Complainant to prove at trial.

141.    Bowe and Bowe, CPA denies these reckless allegations.

142.    Bowe and Bowe, CPA find this paragraph incoherent, but deny all allegations

relative to Plaintff's injuries..

143.    Bowe and Bowe, CPA denies these allegations (See Answer #36).

144.    Bowe and Bowe, CPA can neither admit nor deny for having insufficient

knowledge of these allegations.

145.    Bowe and Bowe, CPA denies (See Answer #36).

146.    Denies (See Answer #36).

## COUNT 2
## BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALINGS BY ALL DEFENDANTS

147.    Bowe and Bowe, CPA hereby incorporate by reference each of the Answers

set forth in the preceding paragraphs (1-146) as if answered fully herein.

148.    Denies—Bowe and Bowe, CPA had no knowledge of any contract..

149.    Bowe and Bowe CPA denies any breach of the implied Covenant of good

faith and fair delaings..

150.    Bowe and Bowe, CPA denies any obligations or breach thereof.

151.    See Answer #36.

152.    See Answer #36..

153.    See Answer #36.

154.    See Answer #36.

155.    Bowe and Bowe, CPA asserts that, in response to the egregious and

unresolved discrepancy on the books of Mattapan Community Center, namely an

unsecured loan to Ms. Veal, The Attorney General's office did ultimately embark on

an inquiry.

156.    Bowe and Bowe, CPA is unsure which of the defendants the Complainant is

referring to; notwithstanding he denies this allegation..

COUNT 3

42 U.S.C 1981 DISCRIMINATION, RETALIATION & DISPARAGE IMPACT

CONTRACTUAL RELATIONSHIP

BY ALL DEFENDANT

157.    Bowe and Bowe, CPA hereby incorporate by reference each of the Answers

set forth in the preceding paragraphs (1-156).

158.    Bowe and Bowe, CPA denies these allegations and calls for the Complainant

to prove same at trial (See Answer #45)..

159.    See Answers #45 & 36.

160.    See Answer #45.

161.    Bowe and Bowe, CPA is unsure which of the defendants the Complainant is

referring to; notwithstanding he denies this allegation.

162.    Bowe and Bowe, CPA denies this allegation (See Answer #20)..

163.    Bowe and Bowe CPA denies ever making "stigmatizing statements".  See

Answer #45.


164.    See Answer #45.

165.    Bowe and Bowe, CPA is at a loss to provide an answer as to why the

Complainant would include this excerpted opinion as an allegation, and denies the

implications therein.

166.    See Answers #45 & 36.Defendants.

COUNT 4
42 U.S.C 1983 DISCRIMINATION, RETALIATION & DISPARAGE IMPACT BY ALL
DEFENDANTS

167.    Bowe and Bowe, CPA  hereby incorporate by reference each of the answers set

forth in the preceding paragraphs (1-166).

168.    Bowe and Bowe, CPA are acquainted with this decision, but are at a loss as to

its inclusion among the Complainant's allegations and therefor denies the implications

of such."

169.     See Answer #45..

170.     See Answer #45..

171.     Bowe and Bowe, CPA are puzzled by this fragment, but deny the implications

of it, nevertheless..

172.     See Answer #45..

173.     See Answer #45.

174.     See Answers #21 & 36.

175.     See Answers #21 & 36.

176.     See Answer #45.

COUNT 5
MGL 93A, MASS. 260 et seq CONTRACT LAW
BY ALL DEFENDANTS

177.     Bowe and Bowe, CPA  hereby incorporate by reference each of the Answers to

the preceding paragraphs (1-176).

178.     See Answer #36.

179.     Bowe and Bowe, CPA acknowledge the statute of limitations cited therein,

further answering the alleged 2003 "oral contract" would be barred by said statute..

180.     See Answer #45..

181.     See Answers #36 & 45..

182.     See Answers #36 & 45.

183.     See Answers #36 & 45.

184.     Bowe and Bowe, CPA neither affirms nor denies this point of law.

185.     See Answer #45.

186.     See Answer #45.

187.     See Answers #36 & 45..

188.     Bowe and Bowe, CPA denies these allegations and call upon Complainant to

prove same at trial..

COUNT 6

UNJUSTLY ENRICHED DEFENDANTS,MAYOR,BCYF,MICHAEL,MORALES,LORA
COLOR OF STATE /LAW ACTORS

189.     Bowe and Bowe, CPA hereby incorporate by reference each of the Answers

set forth in the preceding paragraphs 1-188).

190.     See Answers 36 & 45.

191.     See Answerrs 36 & 45..

192.     See Answers #36 & 45..

193.     See Answers #36 & 45.

194.     See Answers # 36 & 45..

195.     See Answers #36 & 45.

196.     See Answers #36 & 45..

197.     Bowe and Bowe, CPA denies this allegation, which calls for a conclusion of

law..

COUNT 7

DISCRIMINATORY CONSPIRACY IN VIOLATION OF<br>
42 U.S.C. § 1985<br>
BY ALL DEFENDANTS

198.     Bowe and Bowe, CPA hereby incorporate by reference each of the Answers

set forth in the preceding paragraphs (1-197).

199.     See Answer #45.

200.     See Answer #45.

201.     See Answers #36 & 45..

202.     Bowe and Bowe, CPA, while acknowledging this point of law, denies any

liability implied by its application in this paragraph.

COUNT 8
RETALIATORY CONSPIRACY IN VIOLATION OF
42 u.s.c. § 1985
BY ALL DEFENDANTS

203.     Bowe and Bowe, CPA hereby incorporate by reference each of the Answers

set forth in the preceding paragraphs (1-202).

204.     Bowe and Bowe, CPA does not deny the Complainant's citation cited herein.

Bowe and Bowe, CPA denies any wrongdoing in this respect.

205.     Bowe and Bowe, CPA does not deny commentary/opinion excerpted herein,

but denies any liability with respect to the implications of such.

206.     See above Answer #205.

207.     See Answer #45.

208.     Bowe and Bowe, CPA denies any such conduct or motives, and also the

Complainant's construction of the cases cited.

209.     Bowe and Bowe, CPA hereby incorporate by reference each of the Answers

set forth in the preceding paragraphs (1-208).

210.     See Answer #45.

NOW COMES THE DEFENDANT, Thomas F. Bowe and Thomas F. Bowe, CPA and asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

Bowe and Bowe, CPA in addition to the defenses set forth below, expressly reserves the right to amend his Answer to assert additional defenses or counterclaims, cross-claims and/or by instituting third-party actions as additional facts are obtained in discovery.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Complaint is barred by the statute of limitations as it is pivots on a putative "oral contract" from 2003.

### Third Affirmative Defense

The Complaint is barred by the doctrine of laches.

### Fourth Affirmative Defense

The Complaint is barred by the doctrine of equitable estoppel: the Complainant violated the regulations governing the operation of a 501( c )3 entity by issuing an unsecured loan to his sibling, where such entities are only permitted to donate or otherwise extend funds to like entities.

### Fifth Affirmative Defense

To the extent that the Complainant has suffered damages, if any, such damage was caused by the acts and/or omissions of the Complainant.

### Sixth Affirmative Defense

The Complaint is barred is under the doctrine of waiver; the Complainant knowingly neglected to file taxes prepared by defendant Bowe, CPA for three consecutive years, resulting in the loss of Mattapan Community Center's 501( c )3 status. Bowe and Bowe, CPA were, moreover, called upon to (successfully) re-instate status.

<u>Seventh Affirmative Defense</u>

The Complaint is barred by the doctrine of unclean hands; the aforementioned Fourth and Sixth Affirmative Defenses expound the Complainant's fiscal negligence and recklessness.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendant, Bowe and Bowe, CPA requests that this Honorable Court:

1.  Dismiss the Complaint.

2.  Enter judgement for the Defendant, Bowe and Bowe, CPA on all counts.

3.  Award Bowe and Bowe, CPA the costs of defending this action, as well as such other additional relief as the Court may determine to be just and proper.

4.  Award attorney's fees and costs relative to M.G.L. ch. 93A.

Dated:_____2021                    Respectfully Submitted,

_____
Thomas M. Barron, Esq.
BBO# 031220
1372 Hancock Street, Suite 301
Quincy, MA  02169
Office: (617) 773-7650
Email: attybarron@aol.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of March, 2021, I electronically filed an Answer to Complaint with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day to the following on identified on below via transmission of Notices of Electronic Filing generated by CM/ECF.

William Veal, Plaintiff.
Mrveal@yahoo.com

Commissioner of BCYF, William Morales
& William Morales
William.Morales@boston.gov

City of Boston
c/o Mayor@boston.gov

Mayor Martin Joseph Walsh
c/o Mayor@boston.gov

Michael Sulprizio
c/o [Mayor@boston.gov](mailto:Mayor@boston.gov)

Lorna Bognanno
c/o [Mayor@boston.gov](mailto:Mayor@boston.gov)

Bonnie Wallace
c/o [Mayor@boston.gov](mailto:Mayor@boston.gov)

JANE DOE AND JOHN DOE
Unknown—no service

*/s/ Thomas M. Barron*
Thomas M. Barron, Attorney at Law
BBO# 031220