FILED
IN CLERKS OFFICE
2021 MAR 26 PM 2: 10
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

William Veal            Case Number: 121-cv-10265-MBB

   Plaintiff

Commissioner of Boston Centers for Youth & Families et al.

Defendant

Now comes Plaintiff William Veal, in opposition to the Defendant Bonnie Wallace ("Defendant") Motion to Dismiss. The Plaintiff has alleged sufficient facts in the Complaint to state claims for all Counts in my complaint. The Plaintiff has identified all of the necessary elements of a prima facie case for each count against defendant.

## FACTS

The Complaint alleges 9 counts: the Plaintiff was allegedly terminated from his oral contract on the basis of Discrimination, Retaliation, Breach of Contract, Conspiracy, and violation of M.G.L 93A and that Defendant conspired with other plaintiff to defame me.

## ARGUMENT

This motion should be denied because at the pleading stage plaintiff has alleged sufficient fact for a claim for relief. See Morgan. *Gross v. Bohn*, 782 F. Supp. 173, 175 (D. Mass. 1991), Defendant states plaintiff complaint should be dismissed, and I cannot prove no fact which relief can be granted, defendant *does not point out any elements that I did not allege in my complaint, defendant* just denies (blanketly) some allegations in plaintiff lawsuit.

Defendant presents a Motion to dismiss dated March 9, 2021 but plaintiff did not receive it until March 20, 2021, her motion does not contain a certificate of service, Plaintiff would also like to point out to the court that attorney Francesse J. Canty contacted the plaintiff and stated that she was representing Bonnie Wallace a few weeks before plaintiff filed this case, after that plaintiff received an answer to his M.G.L letter with the attorney's name on it, plaintiff will send all correspondence directly to defendant until the court and I are informed that she has hired an attorney.

## PLAINTIFFS CLAIMS ARE SUFFICIENTLY STATED

Defendants move to dismiss my Complaint In support of her Motion, Defendant just Denies allegations but fails to state what elements are missing from my complaint. The Defendant cite no valid authority to support the proposition that these arguments or any other supposedly missing ingredients are, in fact, required in my Complaint.

Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests.'" Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).

My Complaint clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the actions of Defendant and how those actions are wrongful. Finally, the Complaint clearly puts Defendants on fair notice of the charges against her.

## STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from any conclusory legal allegations. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). If the complaint's allegations sufficiently state a cause of action under any viable theory, a motion to dismiss the complaint must be denied. Roth v. United States, 952 F.2d 611, 613 (1st Cir.1991). In considering such a motion, the court must "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." Id. Branco v. Huard, No. 20-cv-10264-DJC, at *2 (D. Mass. Mar. 9, 2021)

## Conclusion

My Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendant fair notice of the charges against her and the grounds therefor. Discovery and argument will add further detail later; in fact, much additional supporting factual material was provided by Plaintiff in materials filed with the complaint as exhibits. I have sufficiently alleged harm. I respectfully request that the Court deny Defendant Bonnie Wallace Motion to Dismiss the Complaint with Prejudice.

## AFFIDAVIT / AFFIRMATION

I am the plaintiff in this action, and I respectfully submit this affidavit/affirmation in opposition to the motion dated made by March 25, 2021 William Veal, I have personal knowledge of facts which bear on this motion. I declare under penalty of perjury that the foregoing is true and correct.

William Veal
/S/William Veal
1434 Blue Hill Ave, APT 1          March 26, 2021
Mattapan, Ma 02126
617-908-5555
Mrveal7@yahoo.com

Bonnie Mines Wallace
641 Adam Street
Dorchester, Ma 02122
617-331-1995
Badillia60@gmail.com

## Certificate of Service

I certify that I have sent a copy of this opposition to defendants' motion to dismiss on March 26, 2021 to the defendants.

William Veal
/S/William Veal
1434 Blue Hill Ave, APT 1          March 26, 2021
Mattapan, Ma 02126
617-908-5555
Mrveal7@yahoo.com

Bonnie Mines Wallace
641 Adam Street
Dorchester, Ma 02122
617-331-1995
Badillia60@gmail.com