# UNITED STATES DISTRICT COURT
for the
# DISTRICT OF MASSACHUSETTS

**WILLIAM VEAL**
*Plaintiff*

Civil Action No:
**1:21-CV-10265-MBB**

v.

**COMMISIONER OF BOSTON CENTERS FOR YOUTH & FAMILES, ET AL**
*Defendants*

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

## OVERVIEW

Defendants Thomas F. Bowe and Thomas Bowe, CPA (hereinafter Bowe) submit this memorandum of law in support of his motion to dismiss and remove him as a Defendant from this action pursuant to the Federal Rules of Civil Procedure 12 (b) (6) as the. Plaintiff. William Veal ("Mr. Veal") can prove no facts upon which relief may be granted.

As a matter of explication, it should be noted that prior to any cause of action being brought forth, the IRS revoked the charter of MCCI for failure to file taxes for three (3) consecutive years, which taxes Mr. Bowe and Bowe CPA had prepared and delivered to Mr. Veal for filing by Mr. Veal. Mr. Bowe was subsequently required to restore MCCI's Non-Profit status, which he successfully effected.

Defendant Bowe asserts that no agreement, oral or written was made between himself and the Plaintiff. Further, the Plaintiff has not asserted nor presented any evidentiary proof that an agreement exists or ever existed between the Plaintiff and Defendant Bowe. As no such enforceable contract exists between the Plaintiff and Bowe, no breach of contract exists.

 Mr. Veal asserts claims in contract, quantum meruit, unfair trade practices, and under federal civil rights statutes arising from termination of an oral contract. For purposes of this agreement, taking all the allegations as true, Mr. Veal has not alleged an enforceable. contract, (offer, acceptance, legal detriment) which complies with the statutory requirements. Also, he fails to allege which rights were violated and failed to allege the required elements for the civil rights claims. Moreover, he is claiming damages for losses which occurred over a period of many year, which does not comport with the provisions of M.G.L. Ch. 219 sec 1 which requires contracts in excess of one year to be in writing in order to satisfy the Statute of Frauds.

Therefore, all the counts should be dismissed.

### STATEMENT OF ALLEGED FACTS

The following statement of facts is drawn from Mr. Veal's allegations in his Complaint. Mr. Veal, "an individual, who is a member of a protected racial minority,"

resides in Suffolk County, Massachusetts. Complaint. ¶¶ 1–6. He was the President[3] of theMattapan Community Centers, Inc. ("MCCI"), a non-profit organization. Pl.'s Ex. 2. Mr. Veal did not bring this action on behalf of the corporation. He brought this action on behalf of himself –

In October 2015Mr. Veal approached Defendant Thomas Bowe ("Bowe & Bowe CPA"), who served as MCCI's accountant, that the Board of MCCI had voted to give Mr. Veal's sister a loan secured by amortgage in October 2015. Id. ¶¶ 68–71. At some subsequent point, employees from BCYF asked Bowe and Defendant Bonnie Wallace ("Wallace"), a MCCI bookkeeper, if they knew any information about MCCI that would support terminating their relationship or occupancy of the community center. Id. ¶ 75. Bowe and Wallace revealed the story of MCCI's proposed loan to Mr. Veal's sister to the City, and defendants Morales, Sulprizio,and Bognanno who relied on that vote to terminate the alleged oral agreement between BCYFCommunity Center and MCCI. Id. ¶¶ 76, 79; Pl.'s Ex. 2. Mr. Veal attached the disassociation letter signed by Morales, dated on February 23, 2017.[4] Complaint, ¶ 84; Pl.'sEx. 2. The letter indicated "[BCYF] had decided to disassociate itself from [MCCI].

BCYF would no longer be partnering with [MCCI], which previously had served as a site counsel and 501(c)(3) partner for [two BCYF community centers]." The letter stated that since MCCI voted to grant the mortgage to Mr. Veal's sister, Mr. Veal had illegally "use[d] charitable assets to advance private interests" and failed to comply with severalprocedural formalities for engaging in transactions as a non-profit. Pl.'s Ex. 2

I. STANDARD OF REVIEW

Mr. Bowe and Thomas Bowe, CPA submits this memorandum in support of his Fed. R. Civ. P. 12(b)(6) and 9(b) Motion to Dismiss the Complaint. It is appropriate for a Court to grant a motion to dismiss pursuant to Rule 12(b)(6) where it appears beyond doubt that plaintiffs would be unable to prove facts in support of their claim that would entitle them to relief. *Gant v. Wallingford Bd. Of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate where, taking the allegations of the complaint as true, the plaintiff cannot as a matter of law demonstrate that he is entitled to relief. See Id. at 555 & n.3. Courts first "distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Garcia-Catalan v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Courts then "determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable.'" Id. at 103. "Dismissal for failure to state a claim is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir. 2013).

- **II. ARGUMENT**

Dismissal of all eight counts of Mr. Veal's Complaint is appropriate because the alleged facts demonstrate that Mr. Veal will be unable to prove any of the claims in his

Complaint. The counts include contract claims, a claim under Massachusetts General Laws Chapter 93A, unjust enrichment, and civil rights claims under 42 U.S.C. §§ 1981, 1983, and 1985.

The contract claims against Thomas Bowe and Thomas Bowe, CPA must fail because there was no alleged oral contract between himself and Thomas Bowe and Thomas Bowe, CPA.

The G.L. c. 93A claim must fail both because the Plaintiff has not alleged that Thomas Bowe and Bowe, CPA's behavior was unfair under the meaning of the statute.

The civil rights claims must fail because Mr. Veal has failed to allege sufficient facts to demonstrate the required elements: there is neither discrimination nor retaliation against him for a 42 U.S.C. § 1981 claim; there is no constitutionally recognized interest to support his due process claims under 42 U.S.C. § 1983; and there is neither conspiracy nor class-based (racial) animus behind the alleged conspirators' action for 42 U.S.C. § 1985 claims.

**A. Counts I, II, & III: All Counts and Allegations Interspersed Throughout The Amended Complaint Seeking to Enforce an Alleged Oral Contract or Breach Thereof Between William Veal and Mr. Bowe and Bowe, CPA (Specifically Must be Dismissed Because There Was Never a Contract, Oral or Written Between Mr. Veal and Mr. Bowe.**

Mr. Veal's contract claims against Mr. Bowe and Bowe, CPA must be dismissed for lack of standing because there was no contract between the parties. Mr. Bowe had a contract with MCCI, Inc., the substance of which was an engagement letter which enjoined him to complete and submit a tax return and review reports for Mr. Veal's non-profit. Both were completed. Mr. Bowe did not "breach" or violate any contract or covenants. He did not discriminate or retaliate against Mr. Veal or MCCI, Inc. In essence Mr. Bowe dutifully

provided competent representation and furnished financial information which is available in the public domain.

B. **COUNT IV: Mr. Veal Has Not Sufficiently Alleged He Had a Liberty Interest in His Reputation as Required to State a Claim for a Due Process Violation Under 42 U.S.C. § 1983.**

Mr. Veal also asserts a 42 U.S.C. § 1983 claim, premised on the allegation that the Defendants committed defamation, which infringed upon his liberty right to his reputation, violating his constitutional right to due process under the Fourteenth Amendment. Complaint, ¶ 169. Ultimately, even if he has alleged sufficient facts to establish that the Defendants committed defamation, he has not alleged sufficient facts to support a § 1983 claim. Mr. Veal alleges that by accusing him of illegally using his non-profit's funds to grant his sister a mortgage, the Defendants damaged his reputation, in violation of his liberty interests protected by the Fourteenth Amendment. Complaint. ¶¶ 114, 115, 169. Given that the Supreme Court has explicitly rejected such a basis for a § 1983 claim, Mr. Veal has failed to state a claim and Count IV must be dismissed. See Paul v. Davis, 424 U.S. at 701, 702 (1976)

C. **COUNT V: Violation of G. L. c. 93A, Must Be Dismissed Because the Plaintiff Has Not Alleged Facts Which Could Prove That Thomas Bowe and Thomas Bowe, CPA Acted in an Unfair or Deceptive Manner**

The G.L. c. 93A claim (Count 5) must fail because Mr. Veal failed at the outset to file a valid Chapter 93A letter; the function of a demand letter pursuant to M.G.L., 93A, §9, is to encourage negotiations and settlement by notifying prospective defendants of claims

arising from conduct prohibited by M.G.L. c. 93A, §2.  This must be presented in a way that gives the addressees an opportunity to review the facts and the law involved, to analyze whether the requested relief should be granted or denied.  <u>Slaney v. Westwood Auto, Inc.</u>, 366 Mass. 688, 704 (1975).  Further, as stated by Judge Kass, the alleged "conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce.  <u>Levings v. Forbes and Wallace, Inc.</u>, 8 Mass. App. Ct. 498, 504.

Plaintiff alleged that on or about January 1, 2017 Mr. Bowe gave a third-party Lorna Bognanno and BCYF associates confidential information, a "proposed transaction that had not been completed" (Paragraph 83, 86 in Complaint), which in fact was public tax information related to a non-profit organization, specifically an unsecured loan drawn from the non-profit's assets for the benefit of his sister, Leah Veal-Green.

Plaintiff alleged Mr. Bowe "violated his Code of Professional Conduct the irony should not be lost that in *withholding or suppressing* knowledge of such a financial discrepancy (the loan in question), would be a signal violation of this code-- *not its disclosure.*

Mr. Bowe submitted his letter of resignation on February 20, 2017 to MCCI: "Due to in my opinion unethical decisions made by the board," which prevented him from "issuing a review report for fiscal year ending 06-30-16". (See Paragraph 89).  Far from being a deceptive or unfair act on Mr. Bowe's part, his resignation was prompted by the clandestine loan issued months before in 2015 by Mr. Veal, and never reported on MCCI's balance sheet or income statement.  It was this signal discrepancy between MCCI's balance sheet/income statement and bank statement that prompted Mr. Bowe to make further

inquiries, inquiries which led to an inquest by the Attorney General's Office and Mr. Veal's subsequent termination by BCYF.

In Meyer v. Wagner, 429 Mass. 410, 424 (1999), the Supreme Judicial Court reiterated that an unfair or deceptive act requires more than a finding of negligence.  As for breaches of fiduciary duties, whether intentional or not, both the federal and state courts have held that "the simple fact that [the] parties knowingly breached [their fiduciary duties] does not raise the breach to the level of Chapter 93A violation."  Ahern v. Scholz, 85 F.3d 774, 798 (1st Cir. 1996); *see* Northeast Data Sys. v. McDonnell Douglas Computer Sys., 986 F.2d 607, 609-10 (1st Cir. 1993); Knapp Shoes v. Sylvania Shoe Mfg. Corp., 418 Mass. 737, 744-45 (1994): Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 100-01 (1979)

### D. **Count VII Discrimination Conspiracy and Count VIII Retaliatory Conspiracy in Violation of 42 U.S.C § 1981, 1983, & 1985 Should Be Dismissed Because of the Statute of Limitations**
### **42 U.S.C 1981**

**42 U.S.C. Section 1981**

prohibits discrimination on the basis of race in the making or enforcement of employment contracts. This language has been interpreted broadly to prohibit any intentional workplace discrimination -- including harassment -- on the basis of race. The Supreme Court has also held that retaliation is prohibited under Section 1981. There was no contract between Mr. Bowe and Mr. Veal.  Mr. Bowe's unequivocal departure from this saga occurred at the time of his resignation: February 20, 2017, which would also make Mr. Veal's claim time-barred (See Russell Johnson, III v. Lucent Technologies Inc., et al, No. 09-55203 (9th Cir. 2011)

**42 U.S.C. 1983**

. To prevail in a claim under section 1983, the plaintiff must prove two critical points: a person subjected the plaintiff to conduct that occurred under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

A state is not a "person" under section 1983, but a city is a person under the law (Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 [1989]).

Mr. Bowe is an individual, therefore and remedies sought by Mr. Veal under U.S.C. 1983 must be dismissed.  In all events the claim would also be time barred. Section 1983 does not contain a built-in statute of limitations.  Thus, a federal court called upon to adjudicate a section 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of action.  Wilson v. Garcia, 471 U.S. 261, 276-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

Massachusetts prescribes a three-year statute of limitations for personal injury actions. See Mass. Gen. Laws ch. 260, § 2A and also Nieves v. McSweeney, 73 F.Supp.2d 98, 102 (D.Mass.1999).

**42 U.S.C. Section 1985**

42 U.S.C. Section 1985 "confers a private right of action for injuries occasioned when 'two or more persons. conspire for the purpose of depriving, either directly or indirectly,any person or class of persons of the equal protection of the laws,

or of equal privileges and immunities under the laws . " <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 n.2 (1st Cir. 1996); 42U.S.C. § 1985(3).

> As explained by the First Circuit in <u>Aulson</u>:
>
> To state a claim under § 1985(3) a plaintiff must allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directlyor indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either
>
> (a) an injury to person or property, or (b) a deprivationof a constitutionally protected right or privilege.<u>Id.</u> at 3 (citing <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).
>
> <u>Auth.</u>, 531 F.3d 104, 107 (1st Cir. 2008) (quoting 42 U.S.C. § 1985(3)).

Mr. Veal does not present any conspiracy, or overt act in furtherance of the conspiracy, or any racial or class-based animus behind the alleged conspirators' action. Mr. Veal just conclusively alleges "Defendants Morales, Lorna, City and Michael acts were contrary to all counts in this complaint when they encouraged defendants Thomas, Thomas CPA, and Bonnie to conspire terminate their agreement and or distance their selves from Plaintiff and Mattapan, and they did (See Paragraph 106 in Complaint). In all events, State limitation periods (Three years) apply to actions brought pursuant to 42 U.S.C. § 1985.

I. **CONCLUSION**

For the reasons set forth above, Mr. Veal has failed to state a claim upon which relief can be granted. Therefore, Thomas Bowe & Thomas Bowe, CPA respectfully request this Honorable Court grant its Motion to Dismiss Counts I, II, III, IV, V, VII, VIII with prejudice

                                      Respectfully submitted,

                                      */s/*Thomas M. Barron, Esq
                                      Thomas M. Barron, Esq.
                                      BBO No. 031220
                                      1372 Hancock Street, Suite 301
                                      Quincy, MA  02169
                                      Telephone (617) 773-7650

Dated: May 6, 2021

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of May, 2021, I electronically filed the within Memorandum with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day to the following on identified on below via transmission of Notices of Electronic Filing generated by CM/ECF.

William Veal, Plaintiff.
Mrveal@yahoo.com

Commissioner of BCYF, William Morales
& William Morales
William.Morales@boston.gov

City of Boston
c/o Mayor@boston.gov

Mayor Martin Joseph Walsh
c/o Mayor@boston.gov

Michael Sulprizio
c/o Mayor@boston.gov

Lorna Bognanno
c/o Mayor@boston.gov

Bonnie Wallace
c/o Mayor@boston.gov

JANE DOE AND JOHN DOE
Unknown—no service

                                                */s/ Thomas M. Barron*
                                                Thomas M. Barron, Attorney at Law
                                                BBO# 031220