COMMONWEALTH OF MASSACHUSETTS

SUPREME JUDICIAL COURT

SUFFOLK, ss.                                                                                                          OE-144

In Re: COVID-19 (Coronavirus) Pandemic

THIRD UPDATED ORDER
REGARDING COURT OPERATIONS UNDER THE EXIGENT
CIRCUMSTANCES CREATED BY THE COVID-19 (CORONAVIRUS) PANDEMIC

To safeguard the health and safety of the public and court personnel during the COVID-19 (coronavirus) pandemic while continuing to increase the business being conducted by the courts, the Supreme Judicial Court (SJC), pursuant to its superintendence and rule-making authority, issues the following ORDER:

1. Prior order. Effective July 1, 2020, this Order shall repeal and replace the Second Updated Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic, which was issued on May 26, 2020, and took effect on June 1, 2020 (June 1 Order).

2. Conduct of court business and access to courthouses. Courthouses will physically reopen to the public for certain limited purposes on July 13, 2020, as provided in paragraphs 3 through 6. To continue to limit the number of persons entering courthouses, all courts will still conduct most court business virtually (i.e., by telephone, videoconference, email, or comparable means, or through the electronic filing system), in both civil and criminal cases. In cases with one or more self-represented litigants (SRLs) where a court is scheduling a videoconference, courts will recognize the possibility that SRLs may have limited access to the technology needed to conduct videoconferences or limited experience with it, and will either assist the SRL in being able to conduct a videoconference or offer an alternative to videoconferencing for the virtual hearing.

3. Gradual resumption of certain in-person proceedings. Until July 13, 2020, courts shall continue to address emergency and non-emergency matters virtually and in-person proceedings shall be conducted only where entry to a courthouse is required to address emergency matters[1] that cannot be handled virtually because a virtual proceeding is not practicable or would be inconsistent with the protection of constitutional rights. Trial Court departments shall thereafter begin, in two initial phases, to conduct in-person proceedings in emergency and non-emergency matters that either can be handled more effectively or efficiently in person, or cannot be handled virtually because a virtual proceeding is not practicable or would be inconsistent with the

---

[1] The Appeals Court and each of the Trial Court departments previously issued standing orders or guidelines, specifying what constitutes an emergency matter in that particular court, which were posted on the COVID-19 webpage) (see paragraph 17).

1

protection of constitutional rights.  The first phase of additional in-person proceedings will begin on July 13, 2020, and in-person proceedings will be further expanded in a second phase beginning on August 10, 2020.  Each Trial Court department shall post notices to the "Court System Response to COVID-19" webpage (https://www.mass.gov/guides/court-system-response-to-covid-19) (COVID-19 webpage) (see paragraph 17) that provide clear department-wide guidance to the public and members of the bar identifying the additional categories of matters that it will address in person in each of the two initial phases.  Courts will conduct all other emergency and non-emergency matters virtually, except as provided in paragraph 7 below.

The Chief Justice of a Trial Court department, after consultation with the Chief Justice of the Trial Court, for reasons of public health and safety may order that a court division or location conduct all business virtually and/or may transfer some or all in-person matters to specified courts within the department.  If any such action is taken, the applicable Trial Court department shall post notices to the COVID-19 webpage (see paragraph 17) that provide clear guidance to the public and members of the bar.

4.  <u>Who can enter courthouses</u>.  Until July 13, 2020, entry into a courthouse for the purpose of an emergency in-person proceeding shall continue to be limited to court personnel, attorneys, parties, witnesses, and other necessary persons as determined by the judge presiding over the proceeding, plus no more than three members of the "news media" as defined in Supreme Judicial Court Rule 1:19(2).

Further, in cases where a trial court judge has ordered electronic monitoring in the form of either GPS or remote alcohol monitoring or in cases where, pursuant to an earlier court order, previously installed electronic monitoring equipment requires maintenance or removal, all installations, maintenance, or removals of such equipment may occur in the courthouse to ensure security and access to personal protective equipment by probation personnel.

Beginning on July 13, 2020, entry into a courthouse will be limited to personnel who work in the courthouse and persons who are present for one or more of the following purposes: attending in-person court proceedings (see paragraph 5); conducting in-person business with a clerk's, register's, or recorder's office (see paragraph 6); meeting with a probation officer or probation staff person; or conducting business at other offices that are open to the public and housed in the courthouse.

The physical reopening of courthouses to the public on July 13, 2020 shall be undertaken with diligent regard for the health and safety of court users and personnel, in accordance with protocols established by the Trial Court or the relevant appellate court, as applicable.  All court users and personnel shall be subject to appropriate screening before they are allowed to enter a courthouse for purposes of preventing the spread of COVID-19.  For the same reason, courthouse staff may monitor the number of people entering and leaving a courthouse to ensure that the number within the courthouse does not exceed the occupancy limits established to protect public health and permit physical distancing.  To limit the number of people in a courthouse at any given time, all departments and offices within a courthouse shall coordinate with each other and schedule proceedings in a staggered fashion throughout the day.  If the number of court users entering a courthouse needs to be limited to avoid exceeding occupancy

limits, the following court users shall be given priority to enter, in the following order of priority: (i) persons seeking to address emergencies; (ii) persons participating in a scheduled in-person proceeding, including, without limitation, a bench trial, hearing, conference, or grand jury sitting; (iii) persons with scheduled or otherwise required meetings between probationers and probation staff for purposes of supervision, including but not limited to GPS, DNA or case supervision matters; (iv) persons having a scheduled appointment within the courthouse; and, then, (v) all others.

5. <u>Physical presence in a courtroom</u>.  Court personnel, attorneys, parties, witnesses, and other necessary persons as determined by the presiding judge can be physically present in a courtroom for in-person proceedings.  The presiding judge shall also determine the method by which members of the public, including the "news media" as defined in Supreme Judicial Court Rule 1:19(2), may access the proceeding, which may include allowing them to sit in the courtroom, provided there is sufficient space for them to maintain appropriate physical distance.  Where a virtual hearing is scheduled, no one other than court personnel may be physically present in the courtroom during the virtual hearing without the approval of the judge or clerk-magistrate conducting the hearing.  In the absence of exceptional circumstances, as determined by the judge or clerk-magistrate conducting the hearing, no party (or attorney for a party) may be physically present in the courtroom for a scheduled virtual hearing.  Where an in-person hearing is scheduled, a judge, upon request, may authorize a participant (an attorney, party, or witness) to appear virtually while other participants appear in person, so long as it is consistent with the protection of constitutional rights.  A participant who requests to appear virtually for an otherwise in-person proceeding shall have no grounds to object to other participants appearing in person.

6. <u>Clerks', Registers', and Recorder's Offices</u>.  Until July 13, 2020, all court clerks', registers', and recorder's offices shall continue to conduct business virtually unless, in an emergency matter, the filing of pleadings and other documents cannot be accomplished virtually and can be done only in-person.  On July 13, 2020, all such offices will physically reopen to the public to conduct court business.  To continue to limit the number of persons entering courthouses, clerks', registers', and recorder's offices will still endeavor to conduct business virtually to the extent possible.  Clerks', registers', and recorder's offices may provide a drop-box in a secure and accessible location at the courthouse for the benefit of those persons who wish to hand-deliver pleadings or other documents for filing.  Each Trial Court department shall provide departmental-wide guidance on the COVID-19 webpage (see paragraph 17) as to how, in addition to by mail and, when available, electronic filing, pleadings and other documents can be filed without coming to the office of a court clerk, register, or recorder.  Each clerk, register, or recorder is authorized to require the physical presence of additional staff as may be necessary to address the additional business contemplated by this order, provided that any such increase in staff presence will be conducted in accordance with health and safety protocols established by the Trial Court or the relevant appellate court.

7. <u>Excluded matters</u>.  If a Trial Court department determines that it is not practicable to address certain categories of non-emergency matters virtually or in person in view of (a) limited court staffing, (b) technological constraints, (c) the need to prioritize emergency or other matters, or (d) legal constraints, such as the moratorium on evictions and foreclosures signed into law by

3

the Governor of the Commonwealth on April 20, 2020, see St. 2020, c. 65, it shall post notices to the COVID-19 webpage (see paragraph 17) that provide clear department-wide guidance to the public and members of the bar identifying any categories of non-emergency matters that the department will not be addressing.

      8. <u>Cell phones and other personal electronic devices in courthouses</u>.  Because of the increased reliance during the pandemic on cell phones and other personal electronic devices (PEDs)[2] to communicate with courts and facilitate court proceedings, beginning on July 13, 2020, cell phones and other PEDs shall not be banned from any courthouse.  Cell phones and other PEDs must be used in compliance with the rules set forth in Trial Court Emergency Administrative Order 20-10 (Order Concerning Trial Court Policy on Possession & Use of Cameras & Personal Electronic Devices), which was issued on June 24, 2020, and becomes effective on July 13, 2020.  The rules shall be posted on the COVID-19 webpage (see paragraph 17) and at the entrance to each courthouse.

      9. <u>Jury and Bench Trials</u>.  All jury trials, in both criminal and civil cases, scheduled to commence in Massachusetts state courts at any time from March 14, 2020, through September 4, 2020, are hereby continued to a date no earlier than September 8, 2020.  Under Prior SJC Orders,[3] bench trials in criminal and civil cases that were scheduled to commence in Massachusetts state courts at any time from March 14, 2020, through June 30, 2020, were generally continued to a date no earlier than July 1, 2020, subject to certain potential exceptions.  That general continuance is extended to July 13, 2020, subject to the same potential exceptions.  There will be no further general continuance of bench trials beyond July 13, unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a further general continuance is needed.  Judges in Trial Court departments should therefore begin to schedule criminal and civil bench trials, if they have not already done so.  Criminal bench trials shall be conducted in person, unless the parties and trial judge all agree to conduct the trial virtually.  Civil bench trials may be conducted virtually in the discretion of the trial judge.  During the two initial phases (beginning on July 13, 2020, and August 10, 2020, respectively), in-person bench trials may be conducted only if in-person bench trials are among the categories of matters identified by the applicable Trial Court department, pursuant to paragraph 3.  In any event, priority should be given to scheduling bench trials in criminal cases where the defendant is in custody, with the highest priority given to those defendants who have been in custody the longest.

---

[2] A "personal electronic device" or "PED" is any device capable of communicating, transmitting, receiving, or recording messages, images, sounds, data, or other information by any means, including but not limited to a computer, tablet, cell phone, camera, or Bluetooth device.

[3] "Prior SJC Orders" means the June 1 Order, the March 13, 2020 Order Regarding Empanelment Of Juries, the March 17, 2020 Order Limiting In-Person Appearances In State Courthouses To Emergency Matters That Cannot Be Resolved Through A Videoconference Or Telephonic Hearing, the April 1, 2020 Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic, and the May 4, 2020, Updated Order Regarding Court Operations Under The Exigent Circumstances Created By The COVID-19 (Coronavirus) Pandemic.

10. <u>Application for conference</u>.  A party who has had a trial or other non-emergency hearing postponed as a result of this Order or the Prior SJC Orders may apply for a conference with the court where the trial or other non-emergency hearing was to occur to address matters arising from the postponement.  In criminal cases, where appropriate, a defendant may ask the court for reconsideration of bail or conditions of release.  Nothing in this Order addresses the disposition of such requests for reconsideration.

11. <u>Speedy Trial Computations</u>.  The continuances occasioned by this Order and the Prior SJC Orders serve the ends of justice and outweigh the best interests of the public and criminal defendants in a speedy trial.  Therefore, the time periods of such continuances shall be excluded from speedy trial computations under Mass. R. Crim. P. 36.

12. <u>Grand jury</u>.  No new grand jury shall be empaneled prior to September 8, 2020, unless so ordered by the SJC.  Grand juries whose terms expire before the empanelment of a new grand jury shall be extended until the date of that new empanelment or the date of the October 2020 empanelment in the relevant judicial district, whichever occurs first.  No sitting grand jury shall be convened and, after September 8, no new grand jury shall be empaneled without the approval of the Superior Court Regional Administrative Justice (RAJ) who, after consultation with the Chief Justice of the Superior Court, shall set such conditions as may be necessary to minimize risk to members of the grand jury, court personnel, and witnesses.  The RAJ or the Chief Justice of the Superior Court may consult with the Jury Commissioner regarding such conditions.

13. <u>Statutes of limitation</u>.  All civil statutes of limitations were tolled by Prior SJC Orders from March 17, 2020, through June 30, 2020, and will not be tolled any further unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a new or extended period of tolling is needed.  All criminal statutes of limitation are tolled from March 17, 2020, through September 30, 2020, because of the limited availability of grand juries.  The new date for the expiration of a statute of limitation is calculated as follows:  determine how many days remained as of March 17, 2020, until the statute of limitation would have expired, and that same number of days will remain as of July 1, 2020 in civil cases and as of September 30, 2020 in criminal cases.  For example, if fourteen (14) days remained as of March 17 before the statute of limitation would have expired in a civil case, then fourteen (14) days will continue to remain as of July 1, before the statute of limitation expires (i.e., July 15), and if fourteen (14) days remained as of March 17 before the statute of limitation would have expired in a criminal case, then fourteen (14) days will continue to remain as of September 30, before the statute of limitation expires (i.e.,  October 14).

14. <u>Deadlines set forth in statutes or court rules, standing orders, or guidelines</u>.  Unless otherwise ordered by the applicable appellate court, court department, or judge(s) presiding over the court case, all deadlines set forth in statutes or court rules, standing orders, tracking orders, or guidelines that expired at any time from March 17, 2020, through June 30, 2020, were tolled by Prior SJC Orders from March 17, 2020, through June 30, 2020, and will not be tolled any further unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a new or extended period of tolling is needed. The new deadline in each instance is calculated as follows:  determine how many days remained as of March 17, 2020, until the

5

original deadline, and that same number of days will remain as of July 1, 2020, until the new deadline.  For example, if a rule set a thirty (30) day deadline and fourteen (14) days remained as of March 17 before that deadline would have been reached, then fourteen (14) days will continue to remain as of July 1, before the new deadline is reached (i.e., July 15).  If the thirty (30) day period commenced after March 16, then thirty (30) days remain as of July 1 before the new deadline is reached (i.e., July 31).[4]  If a deadline tolled pursuant to this paragraph is one of a series of deadlines under a tracking order, all of the subsequent deadlines are extended by the same number of days as the deadline tolled pursuant to this paragraph, unless otherwise ordered by the applicable court.  This paragraph does not affect the continuance of trials, which are governed by paragraph 9.

15.  <u>Court-ordered deadlines in particular cases</u>.  Unless otherwise specifically ordered by the judge presiding over the court case, all deadlines established by a court in a particular case prior to March 17, 2020, that expired at any time from March 17, 2020, through June 30, 2020, were tolled by Prior SJC Orders until July 1, 2020.  No further tolling is anticipated unless there is a new surge in COVID-19 cases in the Commonwealth and the SJC determines that a new or extended period of tolling is needed. This paragraph does not affect the continuance of trials, which are governed by paragraph 9.

16.  <u>Expiring injunctions and similar orders</u>.  Unless otherwise ordered by the applicable court, all orders in a particular case that were issued prior to March 17, 2020, after an adversarial hearing (or the opportunity for an adversarial hearing), that enjoined or otherwise restrained or prohibited a party from taking some act or engaging in some conduct until a date at any time from March 17, 2020, through August 31, 2020, shall remain in effect until the matter is rescheduled and heard.  To the extent they are not already doing so, Trial Court departments shall reschedule and hear these matters virtually, whenever practicable, or in person, pursuant to paragraph 3 above.  Orders issued on or after March 17, 2020, after a virtual or in-person adversarial hearing (or the opportunity for an adversarial hearing), may issue for the full period allowed by the applicable statute.

17.  <u>Publication of COVID-19 orders</u>.  All orders, standing orders, guidelines, and notices issued by any court department or appellate court in response to this Order or the pandemic, as well as all amendments, modifications, and supplements thereto, or the equivalent, shall be posted upon issuance on the judiciary's COVID-19 webpage.  Links to each document may be found on that webpage.

---

[4] The tolling of deadlines under paragraph 14 applies to motions filed under Mass. R. Crim. P. 29, see *Committee for Public Counsel Services v. Chief Justice of the Trial Court (No. 2)*, 484 Mass. 1029, 1030 n.3 (2020) (rescript), but not to deadlines set in the standing orders issued by the Boston Municipal Court (Standing Order 5-20), District Court (Standing Order 4-20), Juvenile Court (Standing Order 5-20), and Superior Court (Standing Order 5-20), effective April 6, 2020, regarding motions arising from the decision of the Superior Judicial Court in *Committee for Public Counsel Services* v. *Chief Justice of the Trial Court (No. 1)*, 484 Mass. 431 (2020).

18. The SJC may issue further Orders as necessary to address the circumstances arising from this pandemic.

This Order is effective July 1, 2020, and shall remain in effect until further order of the court.

| | |
|---|---|
| RALPH D. GANTS | ) |
| | ) Chief Justice |
| | ) |
| BARBARA A. LENK | ) |
| | ) |
| | ) |
| FRANK M. GAZIANO | ) Justices |
| | ) |
| | ) |
| DAVID A. LOWY | ) |
| | ) |
| | ) |
| KIMBERLY S. BUDD | ) |
| | ) |
| | ) |
| ELSPETH B. CYPHER | ) |
| | ) |
| | ) |
| SCOTT L. KAFKER | ) |

Entered:  June 24, 2020
Effective:  July 1, 2020