UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-CV-10265-MBB

WILLIAM VEAL,
    Plaintiff,

v.

COMMISSIONER OF BOSTON CENTERS FOR
YOUTH & FAMILIES, CITY OF BOSTON,
MARTIN JOSEPH WALSH,
WILLIAM MORALES,
MICHAEL SULPRIZIO,
LORNA BOGNANNO,
THOMAS BOWE C.P.A PC,
THOMAS BOWE, BONNIE WALLACE,
JANE DOE and JOHN DOE
    Defendants.

## DEFENDANTS' MOTION FOR LEAVE TO EXCEED THE PAGE LIMIT

Pursuant to Local Rule 7.1(b)(4), Defendant City of Boston (the "City"); Boston Centers For Youth & Families ("BCYF"), a City department; Martin Joseph Walsh, the Mayor of the City of Boston from 2014 to 2021; William Morales ("Morales"), the Commissioner of the BCYF; Michael Sulprizio ("Sulprizio"), the former Deputy Commissioner of the BCYF; and Lorna Bognanno ("Bognanno"), the Regional Operations Manager of the City of Boston ( collectively, the "City Defendants"), respectfully move for leave to file a 25 page memorandum in support of their motion to dismiss the amended complaint, which is due May 7, 2021.

As grounds for this motion, the City Defendants state:

1. The City received Plaintiff's amended complaint on April 22, 2021. The Complaint is 37 pages and contains 220 paragraphs. It asserts eight claims against the City Defendants

    that seek to challenge the termination of the oral agreement between the Defendants and the Plaintiff.

2. Pursuant to Fed. R. Civ. P. 12(b)(6), the City Defendants will move to dismiss all eight of the Plaintiffs' claims. Dismissal of all eight counts of Mr. Veal's Complaint is appropriate because the alleged facts demonstrate that Mr. Veal will be unable to prove any of the claims in his Complaint. The counts include contract claims, a claim under Massachusetts General Laws Chapter 93A, unjust enrichment, and civil rights claims under 42 U.S.C. §§ 1981, 1983, and 1985. The contract claims must fail because Mr. Veal does not allege any contract between himself and the City, nor does he allege any enforceable contract against the City on the part of the organization he was a part of since a lease or other long-term contract with a municipality must be in writing and conform to other statutory criteria. The G.L. c. 93A claim must fail both because the Plaintiff has not alleged that the City Defendants' behavior was unfair under the meaning of the statute, and because a municipality is not amenable to suit under c. 93A when it is serving a governmental purpose. The civil rights claims must fail because Mr. Veal has failed to allege sufficient facts to demonstrate the required elements: there is neither discrimination nor retaliation against him for a 42 U.S.C. § 1981 claim; there is no constitutionally recognized interest to support his due process claims under 42 U.S.C. § 1983; and there is neither conspiracy nor class-based (racial) animus behind the alleged conspirators' action for 42 U.S.C. § 1985 claims.

3. The City Defendants respectfully submit a memorandum of 25 pages is necessary to fully set out the bases for dismissal, even after condensing the memorandum as best as possible. Several of the Plaintiff's counts, including Counts II and IV, allege more than

one basis for relief. Specifically, the Plaintiff alleges violation of federal civil rights statutes and retaliation against him under said statutes. Both bases in each Count must be addressed by the City Defendants.

4. Given the numerous issues to be addressed, the City Defendants respectfully submit that their memorandum will assist the Court in resolving this motion.

WHEREFORE, the City Defendants seek leave of court to file the attached *Memorandum of Law In Support of Defendant City of Boston's Motion to Dismiss*.

    Respectfully submitted,

    DEFENDANTS,
    CITY OF BOSTON,
    COMMISSIONER OF BOSTON CENTERS
    FOR YOUTH & FAMILIES,
    MARTIN JOSEPH WALSH,
    WILLIAM MORALES,
    MICHAEL SULPRIZIO,
    LORNA BOGNANNO

    By their attorneys:

    Corporation Counsel
    Henry C. Luthin


    /s/ Adam Cederbaum
    _____
    Adam Cederbaum, BBO# 661549
    Chief of Government Services
    Mary M. Jennings, BBO # 703037
    Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, City Hall
    (617) 635-4030 (Cederbaum)
    (617) 635-4049 (Jennings)
    Adam.Cederbaum@boston.gov
    Mary.Jennings@boston.gov

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I have conferred with Plaintiff pursuant to Local Rule 7.1 and the Plaintiff confirmed in writing he did not want to limit or eliminate any claims in his compliant.

| | |
|---|---|
| 5/7/2021 | /s/ Adam Cederbaum |
| Date | Adam Cederbaum |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 7, 2021.

| | |
|---|---|
| 5/7/2021 | /s/ Adam Cederbaum |
| Date | Adam Cederbaum |