UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


William Veal                                         Case 1:21-cv-10265

   Plaintiff

Commissioner of Boston Centers for Youth & Families et al

   Defendants


VERIFIED OPPOSITION TO DEFENDANTS BONNIE WALLACE,

THOMAS BOWE & THOMAS BOWE, CPA

MOTION TO DISMIS


1. The defendants Thomas Bowe ("Bowe")and Thomas Bowe, CPA ("CPA") have filed a motion to dismiss on the

   grounds that Plaintiff had no contract with either defendant , Mattapan Community Center suffered injury,

   the plaintiff is a corporation, allegations stem from two events: i) an alleged oral contract between MCCI and

   Mayor Menino; and ii) the disassociation of the City of Boston from MCCI following reports and investigations

   that charitable funds were authorized and used in a manner inconsistent with a charitable organization. The

   fatal flaw in the defendants' motion is that the Plaintiff SA Compl is not based on defendants Bonnie

   allegation.

2. The defendants do weave some terms, provisions, and regulations into their brief, conflating the plaintiffs

   claims but their argument is ultimately premised on the matters plaintiff has not claimed and case law from

   summary judgment this is a Motion to dismiss stage the caselaw is a separate statute (Summary Judgment)

   that has no application in this case. . . . [A]rguments with respect to the case law defendant quoted above ,

plaintiff contract was with a corporation are irrelevant," Murphy v. Massachusetts, 335 F. Supp. 3d 137 (D. Mass. 2018) I plead whom the contract was with.

3. Most of the case law that the Defendant Bonnie Wallace ("Bonnie") quote and relied on is irrelevant because it was on a summary judgment not a 12(b)(6) motion to dismiss the parties had a chance for full discovery to flush out all matters of the case, here plaintiff is at the motion to dismiss stage, this case law is quoted in contradiction to the current case.

4. Since a Rule 12(b)(6) motion usually comes at the outset of litigation, the Court is often hesitant to grant dismissal. If more discovery is necessary to develop a factual record, dismissal under Rule 12(b)(6) would be premature. See Washington Legal Found., 993 F.2d at 971. If the factual record fails to develop, the Court may, upon petition, grant a motion for summary judgement, dismissing all or part of the case. *Arruda v. Sears, Roebuck Company*, C.A.'s 99-170 L, 99-351 L, 99-355 L, 99-367 L, 00-447 L, at *1 (D.R.I. Feb. 7, 2002)

5. The defendants' motion to dismiss should be denied because the plaintiff has stated a claim under the counts in his SA Compl FHSA upon which relief can be granted.

6. Defendant Bonnie fails to realize that a court's goal in reviewing a Rule 12(b)(6) motion is to determine whether the factual allegations in the plaintiff's complaint set forth "a plausible claim upon which relief may be granted. "*Woods v. Wells Fargo Bank, N.A.,*733 F.3d 349, 353 (1st Cir.2013). The court must take all of the pleaded factual allegations in the complaint as true. *Watterson,*987 F.2d at 3. Barring "narrow exceptions," courts tasked with this feat usually consider only the complaint, documents attached to it, and documents expressly incorporated into it. *Id.* Thus, a primary purpose of a Rule 12(b)(6) motion is to weed out cases that do not warrant reaching the (oftentimes) laborious and expensive discovery process because, based on the factual scenario on which the case rests, the plaintiff could never win. In short, plaintiffs are not required to

submit evidence to defeat a Rule 12(b)(6) motion but need only sufficiently allege in their complaint a plausible claim. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st Cir. 2014)

7. Dismissal is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Cooperman v. Individual, Inc.,* 171 F.3d 43, 46 (1st Cir. 1999). *Moss v. Camp Pemigewassett, Inc.*, 312 F.3d 503, 507 (1st Cir. 2002) "The plaintiff "need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim." Bell v. Mazza , 394 Mass. 176, 184 (1985)." *Bell v. Oneighty C Techs. Corp.*, 81 N.E.3d 825 (Mass. App. Ct. 2017)

BURDEN OF PROOF STANDARD OF REVIEW

8. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss a complaint is appropriate where the Plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss , the complaint must make sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility requires the facts in the complaint to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and that relief is "more than a sheer possibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In cases where the plaintiff is a pro se litigant, the complaint must "be liberally construed [and] however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). At the motion to dismiss stage , all well-pled facts in the complaint are entitled to an assumption of veracity and all reasonable inferences must be drawn in the Plaintiff's favor. Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007)."To cross the

plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44-45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible . . . ." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 103 (1st Cir. 2013) (quoting Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 14 (1st Cir. 2011)). "The plausibility standard invites a two-step pavane." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (citing Grajales, 682 F.3d at 45). First, the Court "must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Secondly, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224).

INTRODUCTION

9.  Plaintiff opposes the Defendant Bonnie and submit this memorandum of law in support of my opposition to dismiss, Plaintiff files this opposition to Defendants Second Motion to dismiss ("MTD") plaintiff amended his complaint on or about April 2021 to cure these deficient

ARGUMENT

10. Defendant Bonnie states "While Plaintiff makes seemingly unrelated allegations in his Verified Second Amended Complaint, it is clear that all allegations stem from two events: i) an alleged oral contract between

MCCI and Mayor Menino; and ii) the disassociation of the City of Boston from MCCI following reports and investigations that charitable funds were authorized and used in a manner inconsistent with a charitable organization. The survival of the Verified Second Amended Complaint depends on both events, and both must be present for Mr. Veal to plead his case" "However, because the initial contract would have been between Mr. Veal's company, MCCI, and the City of Boston and/or Mayor Menino, the only party with the ability to bring any claims resulting from the contract, or breach thereof is MCCI. Defendants completely ignore the fact that plaintiff SA Compl is not on behalf of MCCI plaintiff allege in his SA Compl that Plaintiff entered into an oral agreement with Defendant Lorna and Mayor Menino *See SA Compl page 1 "Here, the plaintiff's allegations arise from an Oral contractual and lease made by Defendant Lorna Bognanno on behalf of the defendants City of Boston ("City") , BCYF in 2003 on behalf of Mayor Menino Administration, Commissioner of Boston Centers for Youth & Families ("BCYF")".*

11. Defendant Bonnie states MTD page 2 "It is well established that when a harm has been directed toward a corporation then generally only the corporation has standing to assert a claim. See generally Brictson v. Woodrough, 164 F.2d 107,109 (8th Cir. 1947). Moreover, when the direct injury is to the corporation, and the individual bringing suit suffers derivative damages there is no standing. See Elbery v. Becket Woods Rd. & Maint. Dist., No. 09-CV-30076-MAP, 2010 WL 3038322, at *4 (D. Mass. July 29, 2010) ("The law in this circuit is clear that where a harm has been directed toward a corporation, only the corporation has standing to seek a remedy for that harm."). Plaintiff Second Amended Complaint (SA Compl) is filed on behalf of plaintiffs not a Corporation See SA Compl. All the above caselaw is sited in contradiction to this case as plaintiff is not a corporation or claims to be.

12. Defendant Bonnie states MTD page 4 " *Even taking Mr. Veal's claims in light most favorable to him, and even assuming arguendo, that there may have been a breach of contract, the injury suffered would have been*

*suffered by MCCI. That Mr. Veal, as a volunteer or employee of MCCI, may have lost a potential salary, is a derivative claim that he has no standing to bring.*

13. At this point in the litigation, Plaintiff has in fact provided Defendant Bonnie and the Court with considerable information regarding the alleged oral contracts between Plaintiff and City of Boston. Plaintiff has provided the names of representatives and Lorna and Mayor Menino who allegedly entered into the verbal agreements with Plaintiff during the relevant time period. (Doc. No. 13 ¶¶ 12, 21.) In addition, Plaintiff alleges a number of contractual terms as referenced above in the Amended Complaint and a description of how the oral contract was breached. Reading the Amended Complaint in the light most favorable to Plaintiff , the Court should conclude that Plaintiff has adequately shown the plausible existence of a breach of contract claim at the MTD stage. *Always in Serv., Inc. v. Supermedia Servs. - East, Inc.*, No. 11-127, at *12 (E.D. Pa. Mar. 5, 2012)

## DEFENDANTS POSITION ON PLAINTIFFS COUNT 1ALLEGING BREACH OF CONTRACT SHOULD BE DISMISSED IN ITS ENTIRETY AS MS. WALLACE WAS NOT A PARTY TO THE CONTRACT BETWEEN MR. VEAL AND MAYOR MENINO.

14. A fundamental part of any contract is a meeting of the minds leading to an agreement between parties. See e.g., Vacca v. Brigham & Women's Hosp., Inc., 98 Mass. App. Ct. 463, 467 (2020), review denied, 486 Mass. 1108 (2020) (holding that for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties). To prevail on a claim for breach of contract, the plaintiff must demonstrate: that there was an agreement between the parties, the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result. Bulwer v. Mount Auburn Hosp., 46 N.E.3d 24, 39 (2016);

see also Singarella v. Boston, 173 N.E.2d 290, 291 (1961). If there is no agreement, there is no contract, which is Ms. Wallace's situation. In order for Mr. Veal to sustain a breach of contract claim against Ms. Wallace, he would have to first show that he and Ms. Wallace agreed that he/MCCI would be able to maintain a zero dollar lease until 2023. Not only is there no allegation of the same, but Mr. Veal himself confirms that there was no contract between him and Ms. Wallace. For example, even in the Introduction of the Verified Second Amended Complaint Plaintiff states: "Here, the plaintiff's allegations arise from an Oral contractual and lease made by Defendant Lorna Bognanno on behalf of the defendants City of Boston ("City"), BCYF in 2003 on behalf of Mayor Menino Administration, Commissioner of Boston Centers for Youth & Families ("BCYF")."

15. Defendant Bonnie had an oral contract with Plaintiff to maintain the books for his company Mattapan Community Centers 15 hours a week and to deliver the bookkeeping to Thomas Bowe at Thomas Bowe Accounting. SA Compl ¶9. *Defendant Bonnie Wallace ("Bonnie") is an African American female, is a resident of Massachusetts and was a former bookkeeper of Mattapan Community Center Inc.*

16. Defendant Bonnie breach her contract with plaintiff when she" revealed all proposed transaction that had not been completed to Defendants Morales, Lorna, City, Michael, and they relied on proposed transaction to Terminate plaintiffs' oral contract, SA Compl ¶ 83, at this time defendant Bonnie Worked for the City of Boston and did not inform Plaintiff this was a conflict of interest See Exhibit 1 Bonnie Affidavit.

17. Defendant Bonnie breach her contract with plaintiff when she informed Defendants Michael, Lorna, and Morales of the boards ideas of granting the mortgage to Leah Veal and stated that they believed this was illegal and criminal conduct SA Compl ¶ 86 . My sister address of her commercial property was only known by defendants Thomas, Thomas CPA, and Bonnie, defendants conspired against plaintiff under section 1985(2) conspiracy, she then breached her contract with plaintiff.

18. Defendant Bonnie even admitted and stated i her affidavit that *"I was asked on two occasions by William Morales and Lorna Bognanno about the discrepancy and I told them I did not know how it came about See Bonnie affidavit ¶ 11"*.

19. Defendant Bonnie breach her contract with plaintiff when she *discussed untrue allegation about the plaintiff Bookkeeping records, this cause Thomas, Thomas CPA, and Bonnie to engage in discrimination and retaliation acts toward me* SA Compl ¶ 130.

## DEFENDANTS POSITION ON COUNT 2 ALLEGING BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED IN ITS ENTIRETY AS MS. WALLACE WAS NOT A PARTY TO THE ALLEGED CONTRACT.

20. Defendant and Plaintiff had an oral contract for Defendant Bonnie Wallace to maintain the books for Mattapan headed by Plaintiff and she was an employee *See Bonnie affidavit ¶ 4,6, 11 & 13*.

## DEFENDANTS POSITION ON COUNT 3 ALLEGING VIOLATIONS OF 42 USC 1981 MUST BE DISMISSED WHETHER THE ACTIONS CLAIMED ARE UNDER THE COLOR OR LAW, OR OTHERWISE, BECAUSE THE VERIFIED SECOND AMENDED COMPLAINT FAILS TO STATE ANY CLAIM UPON RELIEF CAN BE GRANTED.

21. Defendant Thomas & CPA states " The civil right claims must fail because Mr. Veal failed to allege sufficient facts demonstrate the required elements: there is neither discrimination nor retaliation against him for a 42 U.S.C. § 1981 claim; plaintiff allege that he is a member of a racial minority, and that he was discriminated against within a particular group of activities set forth in the statute. Those activities include the right to "make and enforce contracts .

22. The SA Compl *¶ 1,* states "Plaintiff William Veal ("Plaintiff") is a member of a racial minority of a protect class

and an individual who is a resident of Massachusetts, Suffolk County". SA Compl *¶ 22 "*Plaintiff engaged in a

Protected Conduct and is a member of a protected class as required by 42 USC 1981, 1983 and other counts

in my complaint that the conduct I engaged in was constitutionally protected, and that it was a substantial or

motivating factor for the City defendants", SA Compl *¶ 83* " Plaintiff is a member of a protected class, an

adverse employment action was taken against Plaintiff, he was qualified for the Job and the position was filled

by a person whose qualifications were similar to Plaintiffs. *See Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*

*Powell v. City of Pittsfield*, 143 F. Supp. 2d 94, 115 (D. Mass. 2001), SA Compl *¶ 165* " ***But for*** race plaintiff

would not have suffered the loss of a legally protected right under 42 USC 1981, plaintiff will have to prove

this only at the trial stage, Plaintiff protested the racial discrimination and retaliation on which a § 1981 claim

is premised on several occasions to the City defendants. Comcast Corp. v. Nat'l Ass'n of African Am.-Owned

Media, No. 18-1171 (Mar. 23, 2020), SA Compl *¶ 167 "Defendant possessed an intent to discriminate on the*

*basis of race, the discrimination concerned one or more of the activities enumerated in the statute ( the*

*making and enforcing of a contract). Defendants blocked the creation of and impaired, Plaintiffs' contractual*

*relationships by Terminating the oral contract, also See* SA Compl *¶ 164-174.*

23. Defendant Bonnie states "*Claims under 42 U.S.C. 1981 may be brought against governmental employees and*

*non-governmental employees. See 42 U.S.C. 1981(c). In the case at bar, Ms. Wallace is and was at the time of*

*the alleged actions, a governmental employee by virtue of her position as the Payroll Director for City of*

*Boston. However, at the time of the allegations in this matter, she was not working in her capacity as a City of*

*Boston employee, but in her capacity as a part time employee of MCCI. See Exhibit A, ¶ 13. The actions she*

*took in regard to the case at bar were all in her capacity as a Bookkeeper for MCCI. See Exhibit A, ¶ 7-9.*

24. The circuit recognizes that "*The court, therefore, recommends the adoption of the Ninth Circuit's conclusion that the amended section 1981 overturns Jett's holding that section 1983 provides the exclusive federal remedy against state actors for violations of section 1981 rights. At bottom, this court believes, section 1981 now contains an implied cause of action against state actors. Powell v. City of Pittsfield, 143 F. Supp. 2d 94, 112 (D. Mass. 2001)*". The issue of what capacity defendant Bonnie was in is irrelevant at this *juncture (Motion to dismiss stage) of the case. As this circuit* post-1991, arguably implied a cause of action against state actors under section 1981 . *See Conward v. Cambridge Sch. Comm.,*171 F.3d 12 (lst Cir. 1999) (affirming summary judgment in section 1981 race discrimination case where plaintiff failed to sustain burden of proof); *Carter v. Rhode Island,*68 F.3d 9 (1st Cir. 1995) (allowing both section 1981 and section 1983causes of action to survive summary judgment). *Powell v. City of Pittsfield*, 143 F. Supp. 2d 94, 111 (D. Mass. 2001).

25. Defendant Bonnie states" For Mr. Veal to state claim for relief under 42 U.S.C. 1981, he must allege some facts that would permit the court to find that he was unable to make or enforce a contract that white citizens were able to make or enforce. Plaintiff stated" Pursuant to the party's agreement Plaintiff was entitled to enforce and contractual obligations Fulfill his  obligations without interference, Discrimination, Conspiracy, Retaliation and Hostile work environment until 2023 See, Plaintiff stated  SA Compl ¶ 130, Defendant Bonnie actions interfered with Plaintiffs rights or ability maintain his employments and oral contract with the City of Boston.

26. Furthermore the Plaintiff alleged that defendant Bonnie's action Discriminated, Retaliated, and caused a Hostile work environment toward the plaintiff see SA Compl, plaintiff have alleged all elements of a 42 USC 1981 claim against the defendants.

27. Defendant Bonnie states "*Lastly, there is no evidence that Mr. Veal personally entered into any contract with anyone, let alone Ms. Wallace (who was Mr. Veal's employee), as it relates to this matter. See Faush v.*

*Tuesday Morning, Inc., 995 F. Supp. 2d 350 (2014). (African American worker who was employee of staffing company could not maintain § 1981 claim against retailer for workplace discrimination based on race, absent evidence that retailer ever entered into any contracts with worker.); see also Hawkins v. Pepsico, Inc., 10 F.Supp.2d 548 (1998) (In addition to proving intentional discrimination, an employee alleging employment discrimination under § 1981 must prove that the discrimination arose out of a contractual relationship).*

28. *At the motion to dismiss stage* plaintiffs are not required to submit evidence to defeat a Rule 12(b)(6) motion but need only sufficiently allege in their complaint a plausible claim. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st Cir. 2014). To survive a motion to dismiss, complaint must state a claim that "is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the [cross-complaint] are true (even if doubtful in fact)." Id. at 555 (citations omitted).

29. Defendants Thomas & CPA States "February 20, 2017,which would also make Mr. Veal's claim time barred (See Russell Johnson, III v. Lucent Technologies Inc., et al, No. 09-55203 (9th Cir. 2011)" the make no reference to any date the violations took place the statue of 42 USC 1981 has a four year statue of limitations the Supreme Court held that federal courts should apply "the most appropriate or analogous state statute of limitations" to claims based on asserted violations of § 1981 . *Id.* at 660, 107 S.Ct. 2617. Three years later, Congress enacted a catchall four-year statute of limitations for actions "arising under an Act of Congress enacted after the date of the enactment of this section." 28 U.S.C. § 1658(a). Section 1658 was enacted on December 1, 1990. Thus, Johnson's retaliation claim is subject to the four-year statute of limitations if it arose under an Act of Congress enacted after that date. *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1005-06 (9th Cir. 2011).

**DEFENDANTS POSITION ON COUNTS 4, ALLEGING VIOLATIONS OF 42 USC 1983 MUST BE DISMISSED AS TIME BARRED, AND BECAUSE THE VERIFIED SECOND AMENDED COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

30. Defendant Thomas & CPA states "Mr. Bowe is an individual, therefore and remedies sought by Mr. Veal under U.S.C. 1983 must be dismissed, he is not correct, but he is not under the color of state law plaintiff dismissing Thomas Bowe and CPA from 42 USC 1983 claim.

31. Defendant Bonnie ' states" The statute of limitations for claims pursuant to 42 U.S.C. 1983 is governed by the statute of limitations for tort cases in the state in which the incident allegedly occurred. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); see also Perez v. O'Brien, No. 14-CV-10054-ADB, 2017 WL 690997, at *2 (D. Mass. Feb. 21, 2017) ("In actions brought under 42 U.S.C. § 1983, "courts use the personal-injury limitations period adopted by the state where the injury supposedly occurred" as the statute of limitations.)(citing Martinez-Rivera v. Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016). In Massachusetts, the statute of limitations for a personal injury action (including discrimination) is three (3) years. See M.G.L. c. 260, § 2A; see also M.G.L. c. 151B, § 9 (statute of limitations in Massachusetts for discrimination); see also Spencer v. City of Chelsea, No. CIV. A. 08-12000-RGS, 2009 WL 961227, at *1 (D. Mass. Apr. 8, 2009) ("The period of limitations for a § 1983 action is governed by the forum state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 276–280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute on other grounds, as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377– 378, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004)")

32. Defendant failed to recognize that this is not a personal injurie case this is a contract case "There is no statute of limitations contained within the language of 42 USC §1983. The United States Supreme Court has directed

that <u>42 USC §1988</u> "requires courts to borrow and apply to all §1983 claims the one most analogous state statute of limitations." *Owens v Okure*, 488 US 235, 240 (1989)".

33. Plaintiff clearly states in his SA Compl ¶ 190 "Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues MASS. 260, these causes of action are not for personal injuries".

34. Defendant Bonnie states "*Even if Plaintiff's Complaint were filed within the applicable statute of limitations, they must still be dismissed as the Verified Second Amended Complaint fails to state a cause of action upon which relief can be granted. To sustain a 42 USC 1983 claim a plaintiff must show: that the action occurred "under color of state law" (Defendant Binnie is a State employee she is under color of state law State see SA Compl Count 4 1983 she is a defendant) and the action resulted in the deprivation of a constitutional right or federal statutory right. See Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff's Verified Second Amended Complaint fails to show that Ms. Wallace acted under the color of law.*

35. Defendant again failed to understand this is on a motion to dismiss, *At the motion to dismiss stage* plaintiffs are not required to submit evidence to defeat a Rule 12(b)(6) motion but need only sufficiently allege in their complaint a plausible claim. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 71-72 (1st Cir. 2014). To survive a motion to dismiss, complaint must state a claim that "is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the [cross-complaint] are true (even if doubtful in fact)." Id. at 555 (citations omitted).

36. Defendant Thomas & CPA states " Mr. Veal also asserts a 42U.S.C.§1983 claim, premised on the allegation that the Defendants committed defamation, which infringed upon his liberty right to his reputation, violating his constitutional right to due process under the Fourteenth Amendment. Complaint,¶ 169.Ultimately, even if he has alleged sufficient facts to establish that the Defendants committed defamation, he has not alleged sufficient facts to support a §1983claim. Mr. Veal alleges that by accusing him of illegally using his non-profit funds to grant his sister a mortgage, the Defendants damaged his reputation, in violation of his liberty interests protected by the Fourteenth Amendment. Complaint.¶¶114,115,169. Given that the Supreme Court has explicitly rejected such a basis for a § 1983 claim, Mr. Veal has failed to state a claim and Count IV must be dismissed. See Paul v. Davis, 424 U.S. at701, 702(1976).

37. Defendant Thomas & CPA allegations above in line 35 is far from the truth SA Compl ,¶ 169 states "As a result of defendant's discrimination and retaliation in violation of Section 1981, the Plaintiff have been denied employment due process thereby entitling Plaintiff to injunctive and equitable monetary relief an award of punitive damages" and SA Comp ¶114 states "All of the Defendants acts were contrary to conspiracy of retaliation and discrimination that injured the plaintiff" and finally SA Comp ¶115 states Defendant Morales, Lorna, Michael, Bonnie and Thomas orally informed plaintiff ex-employees and members of the Community Center where plaintiff worked that this could result in them being sued if it allowed Plaintiff on the premises, did business with him or  employed plaintiff as late as January 6, 2018 tis caused a Hostile Work Environment for plaintiff, Defendants Thomas & CPA are not referencing the governing Second Amended complaint their argument is not relevant here.

**DEFENDANTS POSITION ON COUNT 5 ALLEGING VIOLATIONS OF 93A MUST BE DISMISSED AS MS. WALLACE WAS NOT ENGAGED IN "TRADE OR COMMERCE" AS REQUIRED BY THE STATUTE.**

38. Defendants' Bonnie states *"For a court to find trade or commerce under 93A, the conduct must take place in a "business context," which is determined by considering "the nature of the transaction, the character of the parties involved and [their] activities ... and whether the transaction [was] motivated by business . . . reasons." Boston Hous. Authy. v. Howard, 427 Mass. 537, 538 (1998); All Seasons Servs., Inc. v. Commissioner of Health and Hospitals of Boston, 416 Mass. 269, 271 (1993). Here, Mr. Veal alleges that Ms. Wallace's submission of her report to MCCI's account constitutes "trade or commerce" under 93A. That belief is misplaced, as Ms. Wallace submitted said report as part of her job duties with MCCI, and as required by her employer. More significantly, Ms. Wallace's actions were not motivated by business reasons, but by the duties of her position with Mr. Veal's company, MCCI. No activity that Ms. Wallace allegedly engaged in would constitute "trade or commerce" and invoke 93A".*

39. Defendants actions were *motivated by business reasons she was an employee of the City Defendants since at least 2016 and when she met with other defendants to conspire and discuss the she was to do Bookkeeping discovery will flush out when and where this discussion took place with defendants Lorna and Morales and others regarding plaintiffs secured first mortgage with his sister that was voted on once by plaintiff and then without plaintiff as he was advised to by Thomas Bowe so that the transaction could be transparent.*

40. Defendants Thomas & CPA states "The contract claims against Thomas Bowe and Thomas Bowe, CPA must fail because there was no alleged oral contract between himself and Thomas Bowe and Thomas Bowe, CPA See SA Compl ¶ 150 "Defendants breached the oral contract with plaintiff when their acts above where within the penumbra of a common law, statutory, or other established concept of unfairness and was immoral,

unethical, oppressive, and unscrupulous and it caused substantial injury to their competitor which was the plaintiff".

41. The plaintiff had several oral contract with defendants CPA through Thomas as Plaintiff would meet with Thomas and state what work was needed when it was need how much he would get paid for the work that he performed each year he was the CPA Plaintiff chose to do business with each year.

42. Defendants Thomas & CPA states "The G.L. c. 93A claim must fail both because the Plaintiff has not alleged that Thomas Bowe and Bowe, CPA's behavior was unfair under the meaning of the statute, Defendants Thomas & CPA overlooked plaintiffs SA Compl ¶ 21, 191,193, 194 & 196 "all Defendants' behavior was unfair under the meaning of the statute MGL 93a, as plaintiff was a party to the contract. Defendants Tomas & CPA went on to say "

43. Plaintiff clearly states in his SA Compl that "Defendants deprived the plaintiff of his due process rights, Plaintiff's allegations of Breach of Contract, Breach of implied Faith & Fair Dealings, Discrimination, Retaliation, Unjust Enrichment,& causing a Hostile Work Environment states a colorable claim for relief under Chapter 93A"," A party is not exonerated from chapter 93A liability because there has been no breach of contract. The law of Massachusetts has been clear on this point since at least the decision of the Supreme Judicial Court in Jet Line Services, Inc. v. American Employers Ins. Co., 537 N.E.2d 107 (Mass. 1989) *Nasco, Inc. v. Public Storage, Inc.*, 127 F.3d 148, 152 (1st Cir. 1997), Defendants violated chapter 93A through its deceptive conduct when terminating the oral contract, they distance and stop work resigned from plaintiff after The City Defendants terminated plaintiffs oral contract this was also an unfair and deceptive act, plaintiff sent all defendants MGL 93 A letters by Certified Return Receipt including defendant as Thomas & CPA claims I didn't SA Compl ¶132.

44. Defendant Thomas & CPA states "Mr. Bowe's part, his resignation was prompted by the clandestine loan issued months before in 2015 by Mr. Veal, and never reported on MCCI's balance sheet or income statement. It was this signal discrepancy between MCCI's balance sheet/income statement and bank statement that prompted Mr. Bowe to make further inquiries, inquiries which led to an inquest by the Attorney General's Office and Mr. Veal's subsequent termination by BCYF. Defendant Thomas & CPA are still making untrue allegations plaintiff was never under investigation or the Massachusetts A.G office ever made an inquest regarding me or Mattapan Community Centers I met with them and they gave me Certificates of good standings see SA Compl ¶ 17, 100, 101, 161,189.

45. The court explained that "liability under Chapter 93A need not be based on extreme or egregious behavior but may instead be based on other causes of action, such as a breach of the covenant of good faith and fair dealing or negligent misrepresentation." *Marti v. Schreiber*, No. 4:18-40164-TSH, 2020 U.S. Dist. LEXIS 66309 (D. Mass. April 15, 2020).

**DEFENDANT POSITION ON COUNT 7 ALLEGING DISCRIMINATION, AND RETALIATION IN VIOLATION OF 42 USC 1985 AND COUNT 8 ALLEGING CONSPIRACY MUST BE DISMISSED AS TIME BARRED, AND BECAUSE THE VERIFIED SECOND AMENDED COMPLAINT FAILS TO STATE ANY CLAIM UPON RELIEF CAN BE GRANTED**.

46. Defendant states " *The applicable limitations period for 42 U.S.C. 1985 claims are determined by reference to analogous state law provisions. See Casanova v. Dubois, 304 F.3d 75, 78 (1st Cir. 2002). In Massachusetts, the statute of limitations for tort personal injury actions is three (3) years. G.L.c.260 §2A"*.

47. The Circuit has stated "*The task before the courts in the present case was to identify a limitations period governing respondents' claims under  42 USC 1985. The Civil Rights Acts do not provide the rule." Burnett v. Grattan, 468 U.S. 42, 48 (1984)"*.

48. "Because the federal statutes under which respondents sued do not themselves contain a statute of limitations, the District Court borrowed a limitations period from a state statute prohibiting discriminatory practices in employment" *Burnett v. Grattan*, 468 U.S. 42, 45 (1984), the courts must borrow from the MASS. 260.

49. Plaintiff clearly states in his SA Compl ¶ 190 "Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues MASS. 260, these causes of action are not for personal injuries".

50. Defendant states" *To sustain a claim under §1985(3), it must be shown that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993)"," More specifically, the protected right must be the objective of any alleged conspiracy enterprise and the alleged conspirators must act with the intent to deprive the plaintiff of one of the protected right, rather than simply having an effect upon the right. Id. Moreover, in order to succeed on a 42 U.S.C.A. § 1985(3) claim, a conspiracy must be proven. Id."*.

51. The Appeals courts has as stated as well as the First Circuit "Although this court has not addressed the question, other circuits have concluded that plaintiffs who "have proved that they were denied [employment opportunities as a result of a conspiracy] because they previously had instituted legal actions to vindicate their federal rights" have made out claims under section 1985, even where they had no constitutionally protected property interest in the job. *See Irizarry v. Quiros,*722 F.2d 869, 871 (1st Cir. 1983); *see also Wright*

*v. No Skiter Inc.,*774 F.2d 422 (10th Cir. 1985) *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir.

1993).

52. Plaintiff has laid out in his SA Compl of all the elements against all defendants including Defendant Bonnie for

a *42 U.S.C.A. § 1985*.

53. Plaintiff alleged that there was a conspiracy among all at least 6 defendants including defendant Bonnie, an

act done in furtherance thereof, and a resultant injury to persons and property, that the State was involved in

the conspiracy and that the aim of the conspiracy was to influence the activity of the State and its new policy

it wanted to implement this is the kind of animus that § 1985(3) (See *Carpenters v. Scott*, 463 U.S. 825, 830-31

(1983)requires and plaintiff has plead it in his SA Compl ¶ 48, 113, 114, 208-211.

54. Plaintiff alleges facts that would permit the court plausibly to infer an agreement among the Defendants,

motivated by some discriminatory animus, to deprive him of his rights see SA Compl.

55. Plaintiff has plead all the elements for a 1985 claims at this stage of the case and plaintiff 1985 claim should

survive the motion to dismiss.

56. The US Supreme court stated, "we conclude that he is entitled to an opportunity to offer proof". Allegations

such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less

stringent standards than formal pleadings drafted by lawyers." Haines v, Kerner, 404 U.S 519 (1972),

57. Plaintiff has alleged in his SA Compl (1) the existence of a fiduciary duty; (2) breach of that duty; (3) damages;

and (4) a causal connection between breach of the duty and the damages. See Hanover Ins. Co . v. Sutton , 46

Mass.App.Ct. 153, 164, 705 N.E.2d 279 (1999). " *Baker v. Wilmer Cutler Pickering Hale & Dorr LLP*, 81 N.E.3d

782, 789 (Mass. App. Ct. 2017).

58. Plaintiffs argues that a fiduciary duty arose from the defendants' engagement with the City defendants as

Bonnie worked for The City Defendants and never informed the plaintiff and Thomas & CPA was performing

services for the City defendants as well by law, the defendants owed each other a fiduciary duty of utmost

good faith and loyalty. See Donahue v. Rodd Electrotype Co. of New England, Inc ., 367 Mass. 578, 593, 328

N.E.2d 505 (1975) ( Donahue ); Pointer v. Castellani , 455 Mass. 537, 549, 918 N.E.2d 805 (2009) ( Pointer ),

*Baker v. Wilmer Cutler Pickering Hale & Dorr LLP*, 81 N.E.3d 782, 789-90 (Mass. App. Ct. 2017)

CONCLUSION

For the reasons set forth above, Plaintiff has stated a claim upon which relief can be granted. Therefore, Plaintiff

respectfully request this Honorable Court not to grant all Defendants Motion to Dismiss Counts I, II, III, IV, V,

VI, VII, VIII.

William Veal
/S/William Veal                                  June 21, 2021
1434 Blue Hill Ave, APT 1
Mattapan, Ma 02126
617-908-5555
 Mrveal@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered

participants as identified on the Notice of Electronic Filing and electronic copies will be sent through emails to

those indicated as non-registered participants on June 21, 2021.

William Veal
/S/William Veal                                  June 21, 2021
1434 Blue Hill Ave, APT 1
Mattapan, Ma 02126
617-908-5555
 Mrveal@yahoo.com

## VERIFICATION OF MOTION TO DISMISS

I, William Veal, declare as follows,

1. I have personal knowledge including those allegations set out in the foregoing Motion against the defendants and if called upon to testify I would competently testify as to the matters stated herein plaintiff knows and believes them to be true.

2. I verify and certify under penalty of perjury under the laws of the United States of America that the statements in this Complaint are true and correct. Pursuant to 28 U.S.C. § 1746(2), I William Veal hereby declare certify, verify, and state under penalty of perjury that the complaint is true and correct.

William Veal
/S/William Veal                                June 21, 2021
1434 Blue Hill Ave, APT 1
Mattapan, Ma 02126
617-908-5555
 Mrveal@yahoo.com