# United States Court of Appeals
## For the First Circuit

No. 22-1222

WILLIAM VEAL,

Plaintiff - Appellant,

v.

BOSTON CENTERS FOR YOUTH AND FAMILES (BCYF); CITY OF BOSTON; MARTIN J. WALSH; WILLIAM MORALES; MICHAEL SULPRIZIO; LORNA BOGNANNO; THOMAS BOWE; THOMAS BOWE C.P.A. PC; BONNIE WALLACE,

Defendants - Appellees,

JANE DOE; JOHN DOE,

Defendants.

Before

Barron, Chief Judge,
Lynch and Montecalvo, Circuit Judges.

**JUDGMENT**

Entered: May 8, 2023

      Plaintiff-appellant William Veal was, for a number of years, president of a non-profit organization that participated in the City of Boston's "Centers for Youth and Families" program. Veal alleges that he had a twenty-year oral contract and lease with the city under the program's auspices. However, the city terminated this arrangement on the grounds that Veal had improperly handled a conflict of interest concerning the proposal of a commercial mortgage loan between the organization and Veal's sister. Veal filed suit in the United States District Court for the District of Massachusetts, bringing four different counts under state law, and alleging that the reason given for the termination was a pretext. He further alleged that the termination was marked by discriminatory animus, in violation of his federal civil rights under 42 U.S.C. §§ 1981, 1983, and 1985. (In addition to naming defendants associated with the City of Boston, Veal named his former bookkeeper and former accountant as defendants.)

The defense moved to dismiss Veal's complaint for failure to state a claim. The district court first examined each of Veal's federal civil rights counts and determined that each was fatally deficient. It thus dismissed the federal claims and declined to exercise supplemental jurisdiction over the state law claims, dismissing those claims without prejudice.

We conclude that the district court's decision was correct. Veal's contract-related claims, asserted under § 1983, were subject to the three-year limitations period of Mass. Gen. Laws ch. 260, § 2A and were time-barred. Veal's argument that these § 1983 claims were subject to a six-year limitations period, applicable to contractual claims under state law, is contradicted by precedent. See Wilson v. Garcia, 471 U.S. 261 (1985); Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003) (citing Mass. Gen. Laws ch. 260, § 2A and explaining that Section 1983 "borrows" state statutes of limitations for personal injury claims).

The district court concluded that Veal's claims for reputational injury did not satisfy the "stigma-plus" standard, see Mead v. Indep. Ass'n, 684 F.3d 226, 233 (1st Cir. 2012), and Veal has not offered any appellate argument disputing this conclusion. Veal's claims under §§ 1981 and 1985 failed to include non-conclusory factual allegations plausibly supporting an inference of discriminatory animus. Veal argues that he should be allowed to make allegations of discrimination and use the discovery process to substantiate them, but this argument is precluded by controlling precedent. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

No appellate argument has been offered to dispute that, with all federal counts dismissed, the district court's decision to leave Veal to pursue any state-law claims in state court was a reasonable exercise of discretion. See Abdisamad v. City of Lewiston, 960 F.3d 56, 61 & n.3 (1st Cir. 2020).

The judgment of the district court is **AFFIRMED**.

By the Court:

Maria R. Hamilton, Clerk

cc:
William Veal
Adam N. Cederbaum
Samantha H. Fuchs
Thomas M. Barron
Adela Aprodu